```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
PATRICIA CADILLA,                                              :
                                                               :   ORDER
                                      Plaintiff,               :   TRANSFERRING
           -against-                                           :   CASE
                                                               :
MFX SOLUTIONS, Inc., et al.                                    :   20 Civ. 5966 (AKH)
                                                               :
                                      Defendants.              :
                                                               :
-------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Patricia Cadilla ("Cadilla") filed this lawsuit, alleging gender and pregnancy discrimination and retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") against her former employer MFX Solutions, Inc. ("MFX"), its Chief Executive Officer Brian Cox ("Cox"), and its Director of Finance and Operations Anmol Chandan ("Chandan"). *See* ECF No. 8. Defendants move to transfer this case to the United States District for the District of Columbia (D.D.C.), or, in the alternative, to partially dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). *See* ECF No. 17-1. Defendant's motion to transfer venue is granted. The motions to dismiss may be re-filed in the transferee district.

      The facts as alleged in the complaint are as follows. Defendant MFX is a Delaware corporation which is headquartered in Washington, D.C. In January 2013, Plaintiff Cadilla began working for MFX in the D.C. office as an Analyst Backoffice and Operations, Human Resources Administrator, and Anti-Money Laundering Officer. Compl. ¶¶ 14, 20, 21. Cadilla reported directly to Defendant Chandan. *Id.* ¶ 19. Around July 2016, Cadilla told Defendants that she would be moving to New York for personal reasons and requested to work remotely. *Id.* ¶ 25. Cox and Chandan agreed, and specifically stated that her pay would not be affected. *Id.* ¶

26. Cadilla began working from New York in December 2016 and would return to the D.C. office one week every month to connect with the office.  *Id*. ¶ 27.

Cadilla alleges that she received excellent reviews between 2016 and 2018; however, she alleges that Chandan and Cox began to discriminate and retaliate against her when they became aware that she was trying to get pregnant.  *Id.* ¶ 32.  She alleges that they hired an unmarried young woman to work under her and effectively serve as her replacement, threatened that her pay and bonus would be "affected" by the fact that she was working remotely from New York, and ceased to reimburse her for her transportation between New York and D.C.  *Id.* ¶¶ 32, 43, 56.  Cadilla alleges that she was given the lowest raise and bonus of all employees based on her remote working situation and was told that she could either cease working remotely, or her salary would be stagnant.  *Id.* ¶¶ 58, 61.

Chandan also made various discriminatory statements regarding Plaintiff's attempts to get pregnant, such as: "[it] comes down to this. . . Cox told me that you are trying to get pregnant and doing IVF," and "if you get pregnant, who is going to do your job?  You will go on maternity leave and then maybe not come back."  *Id*. ¶¶ 68, 75.  Plaintiff alleges that Chandan and Cox attempted to prevent another pregnant employee from taking her legally owed maternity leave, stating that women shouldn't be able to "milk the system."  *Id.* ¶ 98.  Despite Defendants' alleged disdain for pregnancy, Chandan then attempted to give a raise to a male colleague based solely on the fact that he had just had another child and his wife didn't work.  *Id.* ¶¶ 103-04.

Plaintiff alleges further instances of gender and pregnancy discrimination and retaliation for her objections to their previous discriminatory statements and actions.  She alleges that Chandan chose a male colleague over Plaintiff to attend MFX's conference in Turkey because the country wasn't safe for women, despite the fact that this was false and that she was more qualified that the male coworker.  *Id.* ¶¶ 123-25.  Plaintiff also alleges that she was retaliated

against because she objected to a due diligence questionnaire which incorrectly stated that no one at the office had been accused of discrimination. *Id.* ¶ 85.

On April 5, 2019, Plaintiff attended a meeting with Cox and Chandan in the D.C. office, and was informed that she could no longer work remotely. *Id.* ¶ 128. Defendants subsequently excluded her from calls, new projects, and did not respond to her emails. *Id*. ¶ 132. Plaintiff informed Defendants that she would not be returning to the D.C. office and was ultimately given a 5% bonus, which she argues was lower than she deserved. *Id.* ¶¶ 136, 139.

On July 1, 2021, Cadilla filed suit in the New York State Supreme Court. ECF No 1-1. Defendant MFX removed the action to this District on July 31, 2020, on the basis of diversity. ECF No. 1. Plaintiff filed an amended Complaint on September 15, 2020, which added Defendants Cox and Chandan. Cadilla asserts a first cause of action against all Defendants for Gender and Pregnancy Discrimination under the NYSHRL and the NYCHRL. Plaintiff asserts a second cause of action against all Defendants for Retaliation in violation of the NYSHRL and NYCHRL. Defendants now move to transfer venue, or in the alternative, to partially dismiss the Complaint.

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought." *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas,* 571 U.S. 49, 134 (2013). In deciding whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 430 (S.D.N.Y. 2018). Where the proposed transferee district is appropriate, a court must examine several factors to determine whether transfer is in the interests of justice. *See Pence v. GEE Grp., Inc.* 236 F.Supp.3d 843 (S.D.N.Y. 2017). These factors include: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the

convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interest of justice. *See Starr*, 324 F.Supp. 3d at 431*; Fellus v. Sterne, Agee & Leach, Inc.* 783 F.Supp.2d 612, 618 (S.D.N.Y. 2011). The moving party must show that transfer is appropriate by "clear and convincing evidence" that the balance of convenience favors transfer. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir 2010).

  Here, the convenience factors weigh in favor of transferring this case to the District of Columbia.  The parties do not dispute that the claims could have been brought in the District of Columbia.  While Plaintiff's choice of forum and the relative means of the parties weigh against transfer, the other factors lean strongly towards transfer.  Factor two, the convenience of non-party witnesses clearly favors transfer.  The potential witness list provided by Defendants lists numerous non-party witnesses who are located within the District of Columbia and neither party has identified any non-party witnesses within the Southern District of New York.  Factor three, the location of documents and relevant ease of access to sources of proof also leans in favor of transfer.  While Plaintiff notes that technological advances have been made which render this factor less significant, the fact remains that such documents are located within the District of Columbia.  *See Starr,* 324 F.Supp. 3d at 441.  The fourth factor, the convenience of parties, also weighs in favor of transfer.  Defendant Cox has noted that he has a very complicated child custody arrangement which requires him to be within the District of Columbia, and the only party that has any connection to New York is Plaintiff.  Defendants further note that MFX is a small company and requiring its top management to travel for this case would pose an unnecessary burden on the company.

  Moreover, the fifth factor, the locus of operative facts, strongly weighs in favor of transfer.  This factor is the primary factor to be considered in a transfer determination.  *See*

*Tianhai Lace USA Inc. v. Forever 21, Inc.* 2017 WL 4712632 at *4 (S.D.N.Y. Sept. 27, 2017). Inasmuch as Plaintiff argues that the conduct occurred through phone calls to New York, this case ultimately involves actions taken by the Defendants within the District of Columbia. All of Defendants allegedly discriminatory and retaliatory statements and conduct occurred during phone calls made from Washington, D.C. to New York. The decisions made by MFX, Cox, and Chandan all occurred within the District of Columbia. It is from these decisions that the alleged discrimination arose. *See Andrews v. A.C. Roman & Associates, Inc.,* 914 F. Supp. 2d 230 (N.D.N.Y 2012). Furthermore, Plaintiff alleges that the March 2019 meeting in which she was told that her salary and bonus would increase if she returned to the D.C. office and the April 2019 meeting in which Defendants terminated her remote working agreement occurred in person at the D.C office, not in New York. While these actions certainly "ha[d] an effect in the [Southern] District", ultimately, the locus of operative facts is clearly with the District of Columbia. *Id.*

  Factor six, ability to compel unwilling witnesses weighs in favor of transfer. As previously discussed, all of the non-party witnesses reside in the District of Columbia. Under Fed. R. Civ. P. 45 (c), a witness may be compelled to attend trial or depositions where the witness lives or works, or within 100 miles of same. Because none of the non-party witnesses reside within 100 miles of New York, they could not be compelled to testify within this District. Factor eight, familiarity with the applicable law, is neutral. Plaintiff argues that the NYCHRL is more expansive than federal discrimination law, however, there is nothing so complicated or nuanced which would indicate that the DDC could not appropriately adjudicate this claim. While this District may have more familiarity with New York State Law, the District of Columbia previously has decided cases based on the NYSHRL and NYCHRL. *See generally Tolton v. Day,* 2020 WL 2542129 (D.D.C. May 19, 2020); *Murphy v. PricewaterhouseCoopers, LLP,* 813 F. Supp. 2d 45 (D.D.C. 2011). Finally, factor nine, trial efficiency and the interests of

justice, would be served by transferring.  Defendant comments that docket congestion within the D.D.C. is less than that of this District, but congestion depends on the individual judge, and I can try the case when it is ready to be tried, depending of course on the effects of the pandemic on both courts.  But, clearly, trial efficiency is improved when the trial occurs at a place convenient to the witnesses.  Furthermore, the interests of justice warrant transfer.  While this Court has an interest in protecting New York residents from discrimination, Plaintiff began with MFX as a Washington, D.C. based employee, a relationship she maintained by traveling back to D.C. on a monthly basis.  The District of Columbia has an interest in adjudicating a case between a D.C. based company and its employee, especially when it stems from conduct which occurred with its judicial boundaries.  Both courts, of course, are equally adept at applying conflicts law and applying the law of the jurisdiction that governs.

      Having considered the convenience factors, I find that a transfer of venue to the U.S. District Court for the District of Columbia is appropriate.  I therefore decline to reach Defendant's alternative partial motion to dismiss.  The oral argument, currently scheduled for Thursday, April 8, 2021, is hereby cancelled.  The Clerk is instructed to terminate the open motion, ECF No. 17, and to transfer the case to the U.S. District Court for the District of Columbia.

      SO ORDERED.

Dated:      April 6, 2021                       /s/ Alvin K. Hellerstein
             New York, New York          ALVIN K. HELLERSTEIN
                                           United States District Judge